ANDERSON *et al.*, commissioners, *vs.* RYAN, judge.

The terms of office of county judges expire every four years from the reception of the original commission, and it is the duty of the grand jury at the spring term when the four years have expired or when they will have expired before the next spring term, to fix the salary for the succeeding term. Hence, when a county judge was first appointed for a term beginning April 30th, 1884, and prior to the expiration of his first term was reappointed for another term, his commission being dated June 21st, 1888, and being received by him a few days thereafter, the grand jury at the May term, 1888, of the superior court, which was the regular spring term, had the right to fix his salary for his new term, and this action was binding upon this question, though taken and the jury discharged before the commission for the second term was issued.

March 22, 1889.

Officers. Judges. County matters. Salaries. Before Judge KIBBEE. Pulaski county. At chambers, September 3, 1888.

L. C. Ryan was regularly appointed and commissioned as county judge of Pulaski county for the term of four years from April 30, 1884, at a salary of $500 per annum. The grand juries of the county, at the spring terms of the years 1884–5–6–7, recommended that the county judge be paid a salary of $500, and it was fixed at that amount. Prior to the expiration of his first term of office, he was reappointed for another term of the same length, his commission being dated June 21, 1888, and being received by him a few days thereafter. The grand jury of the May term, 1888, had then been discharged, but had previously, on May 31, 1888, recommended that the salary of the county judge be reduced to $150 per annum. He was all this while discharging the duties of the office. He applied to the county commissioners to levy a tax to pay him $500 for the year beginning May 1, 1888. They refused to levy a tax of more than $150. He applied for a *manda-*

*mus* to compel them to do so; and they answered, setting up that the action of the grand jury at the May term, 1888, was legal and binding on respondents. The court made the *mandamus* absolute, holding that, under section 281 of the code, the salary already fixed at $500 was not affected by the action of the grand jury at the May term, 1888, and that, as the commission bears date subsequent to the discharge of the grand jury and was received after their adjournment, the salary should be assessed and declared by the grand jury for the spring term, 1889, and not that for the spring term, 1888. The county commissioners excepted to this ruling.

JORDAN & WATSON, by brief, for plaintiff in error.

J. H. LUMPKIN, *contra.*

SIMMONS, Justice.

Under the foregoing facts, we think the court erred in making the *mandamus* absolute. The law as to county courts in the several counties of this State, as embodied in sections 279 *et seq.* of the code, fixed the term of office of the judges thereof at four years. The original act provided that their salaries should be fixed by the grand juries at the spring term of each superior court. The act of 1878–9, p. 51, amended the original act and provided that the salary, when once fixed, shall not be increased or diminished during the term of the county judge. This amending act rendered it unnecessary for the grand jury, at each separate term of the court, to fix the salary of the county judge during his term of office, but at the expiration of that term of office, it became the duty of the grand jury at the spring term to fix the salary for the succeeding term of four years. Ryan

was appointed and commissioned on the 30th of April, 1884. According to this act, his term of office expired four years thereafter, to wit, 30th April, 1888. His salary had been fixed by the grand jury of 1884, at the sum of $500. Under the act of 1878–9, *supra*, this salary could not be increased or diminished during that term of four years. At or before the expiration of that term, it was made the duty of the governor, by and with the advice and consent of the senate, to appoint a successor to Ryan. The governor performed that duty before the expiration of the term, by reappointing Ryan; and his appointment was confirmed by the senate. The spring term of Pulaski superior court commences, under the law, in May of each year. When the grand jury met at the spring term of the year 1888, they knew that, under the law, the term of office of Ryan had expired, and the new term of office of the county judge had commenced, on the 30th of April, 1888, and that it was their duty, under the law, at that term of the court, to fix the salary of the new appointee for the next four years.

They proceeded to do this, and we think their action at that term of the court was legal and binding.

But it is argued by counsel for the defendant in error that the new term of Ryan did not commence until he received his commission, seven weeks after the expiration of his former term, and that, therefore, the spring term of Pulaski superior court having adjourned before he received his commission, the grand jury of that term had no right to fix the salary. We cannot agree with the learned counsel in this view of the case. As we have said before, the term for which Ryan had been appointed was four years from the 30th of April, 1884; and the new term commenced on the 30th of April, 1888. It is true that the law declares that the county

judge shall hold until his successor is appointed and qualified, but it would not do to hold that where a man is appointed to office and reappointed as his own successor, he could change the term of office prescribed by law, by a failure to apply for the second commission and to qualify thereunder. Under that view of the case, Judge Ryan could have refused to apply for and qualify under the new commission for three years and eleven months, and could then apply for and qualify under the new commission and make his term four years more, and draw for nearly the whole of the second term the same salary originally fixed by the first grand jury. Or he could have refused to apply for and qualify under the new commission at all, and been reappointed by the governor at the expiration of the second term, and still refused to apply for and qualify under the third commission, and have drawn his original salary. As said before, the law contemplates that the grand jury shall fix the salary once in every four years; and when once fixed, it shall not be increased during that term of four years. If there should be any good reason to reduce the salary of the county judge, under the view taken by counsel for the defendant in error, it never could be done as long as the same person should be reappointed to the office; because he could refuse to apply for and receive the new commission. We think, therefore, that the better rule is, to hold that the term of office expires every four years from the reception of the original commission, and that it is the duty of the grand jury at the spring term when the four years have expired, or when they will have expired before the next spring term, to fix the salary for the succeeding term. We therefore hold that the judge erred in ordering the county commissioners to assess a tax for the payment to Ryan of the sum of $500, as his salary for the year

beginning April 30th, 1888; and that he erred in hold-ing that the grand jury for the spring term 1888 was not the proper jury to fix the salary of the county judge for the new term commencing April 30th, 1888.

Judgment reversed.